UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESTER DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:16-CV-00686-NCC |
| | ) |
| DON PHILLIPS,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 2). After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the Court will **DENY** the Petition and **DISMISS** the case.

### I. BACKGROUND

On September 13, 2013, Petitioner pled guilty in the Circuit Court of St. Charles County, Missouri of assault in the second degree (Count I), armed criminal action (Count II), and unlawful possession of a firearm (Count III) (Doc. 5-2 at 52-77). On October 28, 2013, the Circuit Court sentenced Petitioner to 7 years on Count I, 7 years on Count II, and 7 years on Count III with the sentences in Counts I and III to run concurrently and the sentence in Count II to run consecutively for a total sentence of fourteen years in the custody of the Missouri Department of Corrections (*Id.* at 78-133). Petitioner did not file a direct appeal of his sentence

---
[1] Petitioner is currently under the supervision of the Division of Probation and Parole. Mo. Dept. of Corrections, Offender Search, https://web.mo.gov/doc/offSearchWeb/. Don Phillips, Chairman of the Missouri Board of Probation and Parole, is therefore the proper party respondent. 28 U.S.C. § 2254, Rule 2(a).

(*See* Doc. 1 at 4).

On April 22, 2014, Petitioner, represented by counsel, filed a motion for post-conviction relief (Doc. 5-2 at 9-23). On September 16, 2014, after an evidentiary hearing, the motion court denied Petitioner's motion (*Id.* at 7, 145-52). On September 22, 2014, Petitioner, with the assistance of counsel, filed an appeal asserting that the motion court erred when it failed to find Petitioner's plea involuntary in light of trial counsel ineffectiveness as follows:

(1) Trial counsel failed to file any appropriate Motion to Dismiss or any pre-trail motions;

(2) Trial counsel failed to conduct any investigation of the facts and circumstances surrounding the charges against Petitioner;

(3) Trial counsel failed to have Petitioner psychologically examined and evaluated to determine whether Petitioner understood the charges against him and whether Petitioner could make a knowing and informed decision to enter pleas of guilty; and

(4) Trial counsel failed by implying he had a special relationship with the Judge to Petitioner such that Petitioner believed the nature of the relationship would afford Petitioner probation or a reduced sentence.

(Doc. 5-4). On August 11, 2015, the Missouri Court of Appeals for the Eastern District affirmed the motion court's denial of the motion (Doc. 5-7; *Davis v. State*, 471 S.W.3d 373 (Mo. Ct. App. 2015)). Petitioner's Application for Transfer to the Missouri Supreme Court was denied on October 27, 2015 (*Id.*).

On May 17, 2016, Petitioner filed his Petitioner under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody challenging the validity of guilty plea because his trial counsel provided ineffective assistance of counsel in that:

(1) Trial counsel was ineffective for failing to file a motion to dismiss;[2]

---

[2] Although Petitioner initially raised this claim as to all pre-trial motions, Petitioner conceded in his reply that to the extent this ground extended beyond a motion to dismiss it was procedurally defaulted (Doc. 6 at 6). *See also* Doc. 5 at 3 (explaining that all Petitioner's claims were presented to the Missouri courts with the exception of Petitioner's claim regarding pre-trial motions generally). Therefore, as indicated here, the Court will only address this point as it relates to a motion to dismiss.

(2) Trial counsel was ineffective for his failure to conduct any investigation of the facts and circumstances surrounding the charges against Petitioner;

(3) Trial counsel was ineffective for failing to have the Petitioner psychologically examined and evaluated to determine whether Petitioner understood the charges against him and whether Petitioner could make a knowing and informed decision to enter pleas of guilty; and

(4) Trial counsel was ineffective by implying to the Petitioner that he had a special relationship with the Judge such that Petitioner understood that he would receive probation or a reduced sentence as a result of that special relationship.

(Doc. 1). As a preliminary matter, the Court finds the Petition to be timely filed. *See* 28 U.S.C. § 2244(d)(1)(A).[3]

## II. DISCUSSION

In the habeas setting, a federal court is bound by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to exercise only limited and deferential review of underlying state court decisions. *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts."

---

[3] Respondent incorrectly asserts that the Petition is one day out of time. *See* Mo. S.Ct. R. 44.01(a) ("In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included."). Regardless, Respondent suggests the Court address only the merits. Doc. 5 at 5 ("[I]t may be simpler to reject the petition on the merits as all the claims are refuted by the record.").

*Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

Petitioner argues that he did not knowingly or voluntarily enter his guilty plea because trial counsel provided him ineffective assistance of counsel. In order to state a claim of ineffective assistance of trial counsel, Petitioner must demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. *Id.* To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review of a Strickland claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable — a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotations and citations omitted). *See also Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (the unreasonableness standard was "meant to be difficult to meet" and "'[e]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'"). The court is not required to address both components of the effective assistance of counsel inquiry if a petitioner makes an

4

insufficient showing on one component. *Id.* at 697. *See also Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011) ("Failure to establish either Strickland prong is fatal to an ineffective-assistance claim.").

"Taken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams*, 695 F.3d at 831 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011)). In the context of a plea, "[t]he assessment of prejudice first requires a state court to 'make a predictive judgment about the effect of the alleged deficiencies of counsel' on the reasonable probability that the petitioner would have insisted on going to trial and then requires the federal habeas court to 'give substantial deference to the state court's predictive judgment.'" *Twitty v. Russell*, No. 4:10-CV-01659-RWS, 2013 WL 3091433, at *15 (E.D. Mo. June 18, 2013) (quoting *Williams*, 695 F.3d at 831 (8th Cir. 2012)).

*1. Motion to Dismiss*

In his first point, Petitioner asserts that trial counsel was ineffective for failing to file a motion to dismiss (Doc. 1 at 8-9). Petitioner does not indicate a basis upon which a proper motion to dismiss would be filed (*See id.*). Petitioner, instead, argues that trial counsel repeatedly assured Petitioner's wife that Petitioner would either receive probation or a reduced sentence (*Id.* at 9). Petitioner further asserts that he never instructed trial counsel to waive the filing of any pre-trial motions (*Id.*). During the evidentiary hearing before the motion court (hereinafter only "the evidentiary hearing"), trial counsel testified that Petitioner admitted shooting the gun and that the only disputed element in his case was Petitioner's intent in doing so (Doc. 5-1 at 100, 114). Indeed, Petitioner admitted to shooting the gun during the evidentiary hearing (*Id.* at 51-52, 74). Trial counsel further testified that he was concerned that the filing of

pre-trial motions would have resulted in the State withdrawing an offer for reduced charges (Doc. 5-1 at 100-01).

The Court finds that the Missouri Courts' decisions were not contrary to, nor involved an unreasonable application of, clearly established Federal law. The motion court found trial counsel's testimony to be credible and that a motion to dismiss would not have been meritorious (Doc. 5-2 at 146). The post-conviction appellate court found that the motion court did not clearly err in making these findings (Doc. 5-7 at 5). Indeed, the court noted, Petitioner does not assert on what basis a motion to dismiss should have been raised and, if a motion was filed as to intent, such a motion would be denied, as intent is an issue of fact reserved to the jury (*Id.*). Generally, "[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. To the extent any cause for a motion to dismiss can be inferred, as noted by the post-conviction appellate court, such a motion would be meritless and trial counsel cannot be found ineffective for failing to raise a meritless issue. *Thomas v. United States*, 951 F.2d 902, 904 (8th Cir. 1991). Therefore, the Court denies Petitioner's first point.

*2. Investigation*

In his second point, Petitioner argues that trial counsel was ineffective for failing to conduct any investigation of the facts and circumstances surrounding the charges against Petitioner (Doc. 1 at 9-10). Specifically, Petitioner asserts that trial counsel failed to investigate the victim's criminal history (*Id.*). Petitioner argues that trial counsel would have uncovered that the victim was a drug dealer, a fact which he alleges would have undermined the victim's credibility (*Id.*). Trial counsel testified at the evidentiary hearing that he was aware of the victim's criminal history but thought that this information would not impact a jury's

6

determination regarding Petitioner's intent, the crux of Petitioner's case, and as such, a plea of guilty was in Petitioner's best interest (Doc. 5-1 at 115-16).

The Court finds that the Missouri Courts' decisions were not contrary to, nor involved an unreasonable application of, clearly established Federal law. To prevail on a claim of lack of investigation, Petitioner must allege what specific information counsel failed to discover, that a reasonable investigation would have disclosed that information, and that the information would have aided the Petitioner or improved the Petitioner's position. *Barnett v. Roper*, 904 F.3d 623, 631 (8th Cir. 2018); *Strickland*, 466 U.S. 668 at 691. The motion court found Petitioner's allegation to be conclusory and unsupported by factual allegations (Doc. 5-2 at 148). Specifically, the motion court indicated that Petitioner made no showing of what evidence or witnesses should have been discovered by trial counsel (*Id.*). The post-conviction appellate court determined that the motion court did not clearly err (Doc. 5-7 at 6). In doing so, the post-conviction appellate court found that trial counsel already had received, and would have received from the State, the victim's criminal history and that Petitioner failed to identify what other information trial counsel should have discovered through investigation (*Id.*). Indeed, the court concluded that trial counsel's decision not to further investigate witnesses was reasonable as no witness would have been able to testify regarding Petitioner's intent when he shot the gun (*Id.*). Before this Court, Petitioner raises the same conclusory allegations. *See also Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (requiring more than speculation that he was prejudiced). Therefore, the Court denies Petitioner's second point.

    *3. Psychological Examination*

In his third point, Petitioner asserts that trial counsel was ineffective for failing to have the Petitioner psychologically examined and evaluated to determine whether Petitioner

understood the charges against him and whether Petitioner could make a knowing and informed decision to enter pleas of guilty (Doc. 1 at 11-12). Specifically, Petitioner argues that he believed he had a nervous breakdown the day of the shooting as a result of taking diet pills and ingesting too much caffeine (*Id.*; Doc. 51- at 52-53; Doc. 5-7 at 8). During his plea hearing, Petitioner indicated that he was not taking any medications that impacted his ability to understand the proceedings (Doc. 5-2 at 56). Trial counsel testified at the evidentiary hearing that he was unaware that Petitioner was suffering from any mental disease or defect and that Petitioner never indicated that he wanted to undergo a psychological evaluation (Doc. 5-1 at 107-08).

The Court finds that the Missouri Courts' decisions were not contrary to, nor involved an unreasonable application of, clearly established Federal law. The motion court found that the evidence and record refuted Petitioner's allegations that the voluntariness of his guilty plea was affected by any lack of understanding of the charges against him or the lack of psychological examination (Doc. 5-2 at 148-50). Specifically, the motion court credited the testimony of trial counsel that there was no indication suggesting the need for a psychological evaluation because there was no sign that Petitioner was impaired and could not appreciate what he had done (*Id.*). The post-conviction appellate court found the motion court did not clearly err in determining that Petitioner's trial counsel was not ineffective for failing to pursue a psychological evaluation of Petitioner or in finding that the evidence refuted Petitioner's claim that he did not understand the nature of the proceedings or enter his pleas voluntarily (Doc. 5-7 at 8). Counsel cannot be found to be ineffective for failing to request a psychological evaluation when, as is the case here, the need for an investigation was not indicated. *See, e.g., Butler v. Lawrence*, No. 4:12CV00222

ERW, 2015 WL 1057577, at *10 (E.D. Mo. Mar. 10, 2015). Thus, the Court denies Petitioner's third point.

*4. Special Relationship with the Judge*

In his fourth point, Petitioner argues that trial counsel was ineffective by implying to the Petitioner that he had a special relationship with the trial Judge and that Petitioner would receive probation or a reduced sentence as a result of that special relationship (Doc. 1 at 12-13). During his plea hearing, Petitioner was asked by the Court whether anybody had promised him anything other than the recommendations made by the prosecutor in order to get you to plead guilty (Doc. 5-2 at 62). Petitioner responded in the negative (*Id.*). Additionally, Petitioner answered in the affirmative when asked if he was aware that he was facing a minimum of three years in prison (*Id.* at 55). Petitioner testified at the evidentiary hearing that he lied at his plea hearing when he told the court he understood the applicable range of punishment (Doc. 5-1 at 78-82). Indeed, Petitioner again indicates in his Petition before this Court that he "made answers which he believed to be untrue" based on the representation by trial counsel that his ties to the trial judge would assure Petitioner a reduced sentence or probation (Doc. 1 at 11).

The Court finds that the Missouri Courts' decisions were not contrary to, nor involved an unreasonable application of, clearly established Federal law. The motion court found Petitioner's testimony not credible as Petitioner had ample opportunity to state any concerns about his plea and sentences, any promises he had been made, or to clarify any misunderstanding about the terms of the plea agreement (Doc. 5-2 at 150-51). Deferring to the motion court's credibility findings, the post-conviction appellate court found that the motion court did not clearly err in determining trial counsel did not misadvise Petitioner as to his sentence if he pled guilty (Doc. 5-7 at 9). As noted by the motion court, pursuant to his plea agreement, Count I was

reduced from assault in the first degree to assault in the second degree (*See* Doc. 5-2 at 151). Indeed, the State filed an Amended Information on the date of Petitioner's plea (Doc. 5-2 at 53). Petitioner cannot show prejudice under *Strickland* based on trial counsel's alleged failure to inform him about the length of a sentence because the trial court explicitly informed the Petitioner about the length of the sentence and the Petitioner testified that he understood the sentence. *United States v. Regenos*, 405 F.3d 691, 693 (8th Cir. 2005). Therefore, the Court denies Petitioner's fourth point.

### III.  CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued. 28 U.S.C. § 2253.

A separate Judgment shall be entered in accordance with this Memorandum and Order. Dated this 10th day of September, 2019.

                                                           /s/ Noelle C. Collins
                                                           NOELLE C. COLLINS
                                                           UNITED STATES MAGISTRATE JUDGE